Beth S. Rose, Esq.
Vincent Lodato, Esq.
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102
Phone: (973) 643-7000
Facsimile: (973) 643-6500
E-mail: brose@sillscummis.com
E-mail: vlodato@sillscummis.com
*Attorneys for Defendant*
*Amazon.com, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **LEON SANTORE and CYNTHIA SANTORE, h/w,** | ) |
| | ) **Civil Action No: _____** |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **AMAZON.COM, INC., POWEREXTRA d/b/a** | ) |
| **SHENZHEN CENTER POWER TECH, LLC** | ) |
| **(a subsidiary of SHENZHEN INDUSTRIES),** | ) |
| **SHENZHEN-AMERICAS TRADING** | ) |
| **COMPANY, LLC, JANE DOE 1-5, Fictitious** | ) |
| **Persons, XYZ CORPORATIONS 1-5, Fictitious** | ) |
| **Corporations (fictitious names pursuant to R.** | ) |
| **4:26-4), jointly, severally and in the alternative,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**NOTICE OF REMOVAL**

Defendant Amazon.com, Inc. ("Amazon") gives notice of the removal of this civil action from the New Jersey Superior Court, Law Division, Burlington County, to the United States District Court for the District of New Jersey, Camden Vicinage pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Diversity jurisdiction exists because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

# I.      INTRODUCTION

On October 27, 2022, Plaintiffs filed this civil action captioned *Leon and Cynthia Santore v. Amazon.com, Inc., et al.*, Docket No. BUR-L-2032-22 ("State Court Action") in the New Jersey Superior Court, Law Division, Burlington County.   A copy of the Complaint is attached hereto as **Exhibit A**.   The Complaint asserts product liability claims under the New Jersey Product Liability Act, negligence, and loss of consortium.

In this lawsuit, Plaintiff Leon Santore alleges that he suffered personal injuries when a "Powerextra 5.0Ah Replacement for Dewalt 18V XRP Battery DC9096 … 2 Pack" (hereinafter "Replacement Battery") he purchased through Amazon's website allegedly exploded on November 18, 2020. The Complaint alleges that Defendants Shenzhen Center Power Tech Co., Ltd.[1] and Shenzhen-Americas Trading Company manufactured and supplied the Replacement Battery.

# II.      THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

This action is removable under 28 U.S.C. § 1441 because this Court would have had original jurisdiction under 28 U.S.C. § 1332 had Plaintiffs filed this action initially in federal court.   Plaintiffs are not citizens of the same state as any of the defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### a.      Complete diversity exists

Plaintiffs Leon and Cynthia Santore are residents and citizens of the State of New Jersey. (Compl. ¶ 1).   The defendants are a corporation, unincorporated foreign entity, and a limited liability company. A corporation's "principal place of business" means the "actual center of direction, control, and coordination."   *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).   For

---

[1] Defendant Shenzhen Center Power Tech Co., Ltd. is improperly named in the Complaint as "Powerextra d/b/a Shenzhen Center Power Tech, LLC."

diversity purposes, the citizenship of a limited liability company is evaluated differently than a corporation.  "[T]he citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).  One of the defendants is an unincorporated foreign entity, which requires a determination regarding whether the characteristics of the foreign entity are similar enough to those of a U.S. corporation to make "corporation" the correct translation into English for purposes of assessing the citizenship of that entity.  *See Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 743 (7th Cir. 2004).

Defendant Amazon.com, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business in Seattle, Washington.  Therefore, Amazon is a citizen of Delaware and Washington.

Powerextra is a trademark owned by defendant Shenzhen Center Power Tech. Co., Ltd. ("Shenzhen Center").  Shenzhen Center is a Chinese company formed and existing under the laws of China with its principal place of business in Shenzhen City of Guangdong Province, China.  Though it is a foreign entity, Shenzhen Center is akin to a U.S. corporation for purposes of assessing diversity jurisdiction under 28 U.S.C. § 1332 due to the alienability of its shares and its shareholder structure.  *See Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equipment Co. Ltd.*, 759 F.3d 787, 788 (7th Cir. 2014).  Accordingly, Shenzhen Center is a citizen of China.

Defendant Shenzhen-Americas Trading Company, LLC ("Shenzhen-Americas") is a limited liability company formed and existing under the laws of the state of Delaware. According to the Delaware Secretary of State, Division of Corporation's website, Shenzhen-Americas has a registered agent located in Delaware.  *See* January 17, 2023 Declaration of Vincent Lodato, ¶ 2 and Ex. A.  The Certificate of Formation that was filed with the Delaware

Secretary of State, Division of Corporation on January 25, 2016 does not identify the members of Shenzhen-Americas.  *Id.* at ¶ 3 and Ex. B.  A Westlaw search of Shenzhen-Americas identified a business address in Plano, Texas.  *Id.* at ¶ 4 and Ex. C.  Westlaw's company investigator database does not identify any members of Shenzhen-Americas.  *Id.*  Despite a diligent search, information regarding the members of Shenzhen-Americas is not publicly available.  *Id.* at ¶¶ 4 & 5.  Upon information and belief, there is no publicly available information to suggest that any members of Shenzhen-Americas reside in New Jersey – the same state as Plaintiffs.  Therefore, Shenzhen-Americas is not a citizen of New Jersey.  *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 (3d Cir. 2015) (when alleging the citizenship of an LLC, parties may allege, upon information and belief, that the LLC's members are not citizens of the same state as plaintiff).

Because Plaintiffs are citizens of a different state than each of the defendants, complete diversity exists.

**b.       The amount in controversy exceeds $75,000**

Under 28 U.S.C. 1446(c)(2)(B), removal is appropriate if the court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000.  In personal injury cases, where plaintiff has not averred a specific damages amount in the Complaint, the $75,000 jurisdictional amount is met unless it is a legal certainty that plaintiff cannot recover the jurisdictional minimum.  *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007).  Here, the Complaint asserts that the Replacement Battery exploded and caused to suffer severe and permanent personal injuries that caused him great pain and suffering, required past and future medical treatment, and rendered him unable to attend to his ordinary activities.  (Compl. ¶ 28).

In addition, the Complaint alleges that Cynthia Santore has suffered loss of consortium as a result of her husband's injuries.  (*Id.* at ¶ 49).

Although the Complaint does not demand a specific dollar amount in damages, the preponderance of evidence demonstrates that the matter in controversy exceeds $75,000.  Given the allegations in the Complaint that Mr. Santore sustained severe and permanent injuries that caused great pain and suffering that impacted his ordinary activities, and which require future medical treatment, it is not a legal certainty that Plaintiffs' recovery will not exceed $75,000.  *See Morales v. Family Dollar, Inc.*, 2018 U.S. Dist. LEXIS 130030, at *8 (D.N.J. Aug. 2, 2018) (there is no legal certainty that plaintiff cannot recover the jurisdictional minimum where plaintiff alleges severe and permanent injuries); *Amadu v. Bradshaw*, 2016 U.S. Dist. LEXIS 89293, at *9-10 (D.N.J. July 11, 2016) (allegations in the Complaint that the plaintiff sustained severe personal injuries which interfered with his daily activities and required ongoing medical treatment is sufficient to demonstrate that the amount in controversy is likely to exceed $75,000); *Dugan v. Acme Markets, Inc.*, 2016 U.S. Dist. LEXIS 6838, at *3 (D.N.J. Jan. 21, 2016) ("personal injury cases alleging severe and permanent injuries will be removable absent proof to a legal certainty that the amount in controversy cannot exceed $75,000").  Because it cannot be said to a legal certainty that Plaintiffs' recovery will not exceed the jurisdictional minimum, removal here is appropriate.

### III.        SERVICE OF COMPLAINT AND TIMELINESS OF REMOVAL

Amazon was served with the Summons and Complaint through its registered agent for service of process on December 19, 2022.  Upon information and belief, the other defendants named in this lawsuit have not yet been served with the Summons and Complaint.  To date, Plaintiffs' counsel has not filed an Affidavit of Service in the New Jersey Superior Court

indicating that the other defendants were served with service of process.  Because the other defendants have not been served, they "need not consent to removal."  *Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009).

Moreover, this Notice of Removal is being filed within 30 days of Amazon being served with the Summons and Complaint.  Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

### IV.    VENUE OF REMOVED ACTION

The United States District Court for the District of New Jersey, Camden Vicinage is the United States District Court and vicinage embracing the New Jersey Superior Court, Burlington County where this action was filed and is pending.  Therefore, venue is proper in the United States District Court for the District of New Jersey, Camden Vicinage under 28 U.S.C. § 1441(a).

### V.    NOTICE TO THE STATE COURT

A copy of this Notice of Removal is being contemporaneously served on all parties and filed with the New Jersey Superior Court, Law Division, Burlington County, where this case was originally filed and is currently pending.

### VI.    NON-WAIVER OF DEFENSES

Amazon expressly reserves all of its defenses.  By removing the action to this Court, Amazon does not waive any rights or defenses available under federal or state law.  Amazon expressly reserves the right to move for dismissal of the Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.  Nothing in this Notice of Removal should be taken as an admission that Plaintiffs' allegations are sufficient to state a claim against Amazon or have any substantive merit.

Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for an improper purpose.

WHEREFORE, Defendant Amazon respectfully requests that this action be removed to the United States District Court for the District of New Jersey, Camden Vicinage and that no further proceedings be held in the New Jersey Superior Court, Law Division, Burlington County.

Dated: January 17, 2023               Respectfully submitted,

*s/ Vincent Lodato*
Beth S. Rose
Vincent Lodato
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102
Telephone: (973) 643-7000
Facsimile: (973) 643-6500
brose@sillscummis.com
vlodato@sillscummis.com
*Attorneys for Defendant*
*Amazon.com, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 17, 2023, I caused a copy of Defendant Amazon's Notice of Removal to be served via e-mail on the following counsel:

Louis N. Caggiano, Jr., Esq.
Law Offices of Louis N. Caggiano, Jr.
72 E. Second Street
Staten Island, NY 10312

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

*s/  Vincent Lodato*
VINCENT LODATO

Dated:  January 17, 2023

EXHIBIT A

Print    Clear

## SUMMONS

Attorney(s) Louis N. Caggiano, Jr., Esquire

Office Address 72 E. Second Street

Town, State, Zip Code Moorestown, New Jersey 08057

Telephone Number (856) 222-9121

Attorney(s) for Plaintiff Leon Santore and Cynthia Santore, h/w

LEON SANTORE and

CYNTHIA SANTORE, h/w

      Plaintiff(s)

vs.

AMAZON.COM, POWEREXTRA dba

SHENZHEN LLC and SHENZHEN-AMERICAS

      Defendant(s)

# Superior Court of
# New Jersey

Burlington          County

Law          Division

Docket No: BUR-L-002032

# CIVIL ACTION
# SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.nj If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov

        Michelle M Smith
        Clerk of the Superior Court

DATED: 10/27/2022

Name of Defendant to Be Served: AMAZON.COM, INC.

Address of Defendant to Be Served: 1200 Twelfth Avenue South, Seattle, Washington 98144

LAW OFFICES OF LOUIS N. CAGGIANO, JR.
72 E. Second Street
Moorestown, New Jersey 08057
Phone (856) 222-9121
Fax (856) 222-9164
caggianolaw@gmail.com
*Attorneys for Plaintiffs,*
BY: LOUIS N. CAGGIANO, JR., ESQUIRE (Atty. ID. No. 029481981)

| | |
|---|---|
| LEON SANTORE and CYNTHIA SANTORE, h/w | SUPERIOR COURT OF NEW JERSEY LAW DIVISION BURLINGTON COUNTY |
| Plaintiffs, | |
| | DOCKET NO: _ |
| v. | |
| | CIVIL ACTION |
| AMAZON.COM, INC., POWEREXTRA d/b/a SHENZHEN CENTER POWER TECH, LLC (a subsidiary of SHENZHEN INDUSTRIES), SHENZHEN-AMERICAS TRADING COMPANY, LLC, JANE DOE 1-5, Fictitious Persons, XYZ CORPORTATIONS 1-5, Fictitious Corporations (fictitious names pursuant to R.4:26-4), jointly, severally and in the alternative | COMPLAINT DEMAND FOR TRIAL BY JURY DESIGNATION OF TRIAL ATTORNEY CERTIFICATIONS DEMAND FOR ANSWERS TO INTERROGATORIES |
| Defendants. | |

Plaintiffs, LEON SANTORE and CYNTHIA SANTORE, husband and wife, residing at 2203 Green Meadow Drive, Atco, Township of Waterford, County of Camden and State of New Jersey, complaining of the Defendants, depose and say:

## PARTIES

1. At all times material hereto, Plaintiffs LEON SANTORE and CYNTHIA SANTORE, h/w operate an art supply store at 34 W. Main Street, Maple Shade, Burlington County, New Jersey.

2. Defendant AMAZON.COM, INC. ("Amazon") is a corporation duly organized and existing under the laws of the State of Delaware, and upon information and belief, maintains its principal place of business at 1200 Twelfth Avenue South, Seattle, Washington and does business in the State of New Jersey.

3. Defendant POWEREXTRA d/b/a SHENZHEN CENTER POWER TECH, LLC (a subsidiary of SHENZHEN INDUSTRIES) ("Shenzhen") is a corporation duly organized and existing under the laws of the State of Delaware, and upon information and belief, maintains a corporate office at 251 Little Falls Drive, Wilmington, Delaware 19808 and does business in the State of New Jersey.

4. Defendant SHENZHEN-AMERICAS TRADING COMPANY, LLC ("Shenzhen-Americas) is a corporation duly organized and existing under the laws of the State of Delaware, and upon information and belief, maintains a corporate office at 3411 Silverside Road, Suite 104 Tatnall Building, Wilmington, Delaware 19810 and does business in the State of New Jersey.

## FACTS

5. At all times material hereto, Amazon was an online retailer in the business of offering consumer products for sale through the Internet — through Amazon's website platform - including offering products such as replacement batteries for sale to consumers in New Jersey.

6. Amazon sells products directly to consumers around the world through its interactive website.

7. Alternatively, Amazon sells consumer products from third-party vendors who sell their products through Amazon's interactive website.

8. Upon information and belief, Amazon charges third-party vendors a monthly fee to sell products through its website platform.

9. Upon information and belief, Amazon charges transaction- based fees to third- party vendors selling products through its website platform.

10. Amazon markets to and recruits third-party vendors based on purported customer confidence in the Amazon brand and represents to vendors that they can boost their product visibility on the Amazon website platform by using fee-based, keyword-targeted, advertising through a program that allows sellers to bid on keywords and choose from a variety of ad placements.

11. Upon information and belief, Amazon has third-party vendors sign service agreements and allows those vendors to sell products through its website platform.

12. Once a consumer purchases a third-party vendor product through Amazon, Amazon ships the product directly from one of its fulfillment centers, where Amazon maintains a supply of the third-party vendor's products.

13. Alternatively, once a consumer purchases a third-party vendor product through Amazon, the third-party vendor ships the product directly to the consumer.

14. When Amazon ships products through one of its fulfilment centers, Amazon determines the shipping charge.

15. Upon information and belief, Amazon has over 100 fulfilment centers around the world, including one located in Robbinsville, New Jersey and one located in Avenel, New Jersey, among others.

16. Amazon processes purchaser payments and then, after deducting fees and/or commissions, disburses the remaining funds to the third-party vendor.

17. To insure that Amazon receives its fees and/or commissions, the company instructs purchasers that "[i]f a seller asks you to send funds directly to them, bypassing the Amazon checkout process, do not place the order and contact Amazon customer service immediately."

18. Amazon provides customer service for all products sold through its website platform.

19. For all products sold through its website, Amazon provides an A-Z Guarantee.

20. Pursuant to the A-Z Guarantee, Amazon warrants purchases from third-party vendors, including guaranteeing the condition of items purchased.

21. Amazon routinely does business over the internet with New Jersey consumers.

22. Through Amazon's use of nationwide marketing, branding, fulfillment centers, repeated shipments of products to New Jersey, and its knowledge that third-party vendors intentionally use the company's established infrastructure to sell and ship products, Amazon has purposefully directed activities in New Jersey thereby subjecting the company to this court's jurisdiction.

23. As manufactures and/or suppliers of replacement battery products, Defendants, AMAZON.COM, INC., POWEREXTRA d/b/a SHENZHEN CENTER POWER TECH, LLC (a subsidiary of SHENZHEN INDUSTRIES), SHENZHEN-AMERICAS TRADING COMPANY, LLC, JANE DOE 1-5, Fictitious Persons, XYZ CORPORTATIONS 1-5, have purposefully directed activities in New Jersey thereby subjecting the company to this court's jurisdiction.

24. On or about November 16, 2020, Plaintiff Leon Santore purchased a new battery identified as Powerextra 5.0Ah Replacement for Dewalt 18V XRP Battery DC9096…2Pack, Order No.

25. Upon information and belief, Amazon shipped the battery to the plaintiff's business from one of its fulfilment centers.

26. Amazon charged Plaintiff for the battery and Plaintiff paid for the battery using a credit card.

27. Upon information and belief, Plaintiff received the battery within two days shipment.

28. On or about November 18, 2020, the battery exploded. The resulting explosion caused the Plaintiff, Leon Santore to be severely and permanently injured, he has and will in the future continue to undergo great pain and suffering; he has and will in the future be compelled to incur medical expenses; he has and will in the future be unable to attend to his ordinary activities and affairs; and he has otherwise been damaged.

## FIRST COUNT

### Strict Products Liability

29. Plaintiffs incorporate the allegations contained in the preceding paragraphs as if fully set forth herein.

30. Amazon, as a product seller, had a duty not to market, sell, ship, assemble, package, distribute, or be otherwise involved in placing a defective battery in the stream commerce.

31. Amazon, in its status as a product seller under New Jersey's Product Liability Act, see N.J. Stat. § 2A:58C-8 - and not its status as an interactive computer service provider, see 47 U.S.C. § 230(c)(1) - in the course of its business conducted for that purpose, marketed, sold, shipped, assembled, packaged, distributed and/or was otherwise involved in placing the defective battery in the stream of commerce.

32. Amazon, as a product seller who, among other things, provided its own guarantee as to the condition of the battery, had a duty to warn Plaintiffs that the battery was in an unreasonably dangerous condition.

33. The battery shipped to Plaintiffs was defective when it left Amazon because the product was not reasonably fit, suitable, or safe for its intended purpose, and the defect existed when the battery reached the Plaintiff.

34. When the battery explosion occurred, the battery was in substantially the same condition as when Plaintiff received the product.

35. Plaintiff was using the battery for its intended use.

36. Plaintiff did not know that the battery was defective.

37. Amazon knew or should have known that the battery was defective.

38. The battery's defective and unreasonably dangerous condition was a direct and proximate cause of the explosion resulting in injury to plaintiff.

39. Defendants, AMAZON.COM, INC., POWEREXTRA d/b/a SHENZHEN CENTER POWER TECH, LLC (a subsidiary of SHENZHEN INDUSTRIES), SHENZHEN-AMERICAS

TRADING COMPANY, LLC, JANE DOE 1-5, Fictitious Persons, XYZ CORPORATIONS 1-5, jointly or severally, manufactured and/or supplied the battery into the stream of commerce in a defective manner as to design, manufacture, and warnings, causing same to be an explosive hazard and to be a dangerous and defective condition that made it unsafe for it's intended use.

40. As a direct and proximate result of the negligence and/or carelessness of the Defendants, as aforesaid, Plaintiff, Leon Santore, was severely and permanently injured, has and will in the future continue to undergo great pain and suffering; has and will in the future be compelled to incur medical expenses; has and will in the future be unable to attend to his ordinary activities and affairs; and has otherwise been damaged.

WHEREFORE, Plaintiffs, LEON SANTORE and CYNTHIA SANTORE, h/w, demand judgment against the Defendants, AMAZON.COM, INC., POWEREXTRA d/b/a SHENZHEN CENTER POWER TECH, LLC (a subsidiary of SHENZHEN INDUSTRIES), SHENZHEN-AMERICAS TRADING COMPANY, LLC, JANE DOE 1-5, Fictitious Persons, XYZ CORPORATIONS 1-5, jointly, severally or in the alternative in the amount of their damages together with interest and costs of suit.

SECOND COUNT

Negligence

41. Plaintiffs incorporate the allegations contained in the preceding paragraphs as if fully set forth herein.

42. As manufacturer and/or supplier of the aforesaid battery placed in the stream of commerce, Defendants, AMAZON.COM, INC., POWEREXTRA d/b/a SHENZHEN CENTER POWER TECH, LLC (a subsidiary of SHENZHEN INDUSTRIES), SHENZHEN-AMERICAS TRADING COMPANY, LLC, JANE DOE 1-5, Fictitious Persons, XYZ CORPORATIONS 1-5, jointly, severally or in the alternative, owed a duty to the Plaintiffs, individually, and to other consumers lawfully using this product to provide same in a safe condition, free from defects and dangers, and to use the merchandise without being exposed to dangers hazards, defects, and/or impediments that might cause injury.

43. In violation of the aforesaid duties, Defendants negligently and carelessly permitted the manufacture, supply and sale to Plaintiffs resulting in serious and permanent personal injuries.

44.     Said Defendants, through agents, servants and/or employees of the Defendants, did so negligently and carelessly allow or facilitate the sale of this product in the stream of commerce to be sold to Plaintiffs and while using the product in its intended manner did create such a hazard.

45.     As a direct and proximate result of the negligence and/or carelessness of the Defendants, as aforesaid, Plaintiff, Leon Santore, was severely and permanently injured due to the explosion, he has and will in the future continue to undergo great pain and suffering; he has and will in the future be compelled to incur medical expenses; he has and will in the future be unable to attend to his ordinary activities and affairs; and he has otherwise been damaged.

WHEREFORE, Plaintiffs, LEON SANTORE and CYNTHIA SANTORE, h/w, demand judgment against the Defendants, AMAZON.COM, INC., POWEREXTRA d/b/a SHENZHEN CENTER POWER TECH, LLC (a subsidiary of SHENZHEN INDUSTRIES), SHENZHEN-AMERICAS TRADING COMPANY, LLC, JANE DOE 1-5, Fictitious Persons, XYZ CORPORTATIONS 1-5, jointly, severally or in the alternative in the amount of their damages together with interest and costs of suit.

## THIRD COUNT

46.     Plaintiffs incorporate the allegations contained in the preceding paragraphs as if fully set forth herein.

47.     As a direct and proximate result of the negligence of the Defendants, as aforesaid, Plaintiff, incurred property damage along with medical expenses in connection with the special care and medical treatment.

WHEREFORE, Plaintiffs, LEON SANTORE and CYNTHIA SANTORE, h/w, demand judgment against the Defendants, AMAZON.COM, INC., POWEREXTRA d/b/a SHENZHEN CENTER POWER TECH, LLC (a subsidiary of SHENZHEN INDUSTRIES), SHENZHEN-AMERICAS TRADING COMPANY, LLC, JANE DOE 1-5, Fictitious Persons, XYZ CORPORTATIONS 1-5, jointly, severally or in the alternative in the amount of their damages together with interest and costs of suit.

<u>FOURTH COUNT</u>

48.     Plaintiffs incorporate the allegations contained in the preceding paragraphs as if fully set forth herein.

49.     As a result of the conduct of the defendants as aforesaid, plaintiff, CYNTHIA SANTORE has been and may in the future be deprived of the society, companionship, services and assistance of her husband, plaintiff, LEON SANTORE.

WHEREFORE, Plaintiffs, LEON SANTORE and CYNTHIA SANTORE, h/w, demand judgment against the Defendants, AMAZON.COM, INC., POWEREXTRA d/b/a SHENZHEN CENTER POWER TECH, LLC (a subsidiary of SHENZHEN INDUSTRIES), SHENZHEN-AMERICAS TRADING COMPANY, LLC, JANE DOE 1-5, Fictitious Persons, XYZ CORPORTATIONS 1-5, jointly, severally or in the alternative in the amount of their damages together with interest and costs of suit.

Respectfully submitted,

LOUIS N. CAGGIANO, JR., ESQUIRE
72 E. Second Street
Moorestown, New Jersey 08057
Phone (856) 222-9121
Fax (856) 222-9164
*Attorneys for Plaintiffs*

By

LOUIS N. CAGGIANO, JR., ESQUIRE

Dated: October 27, 2022

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a Trial by jury as to all issues.

## NOTICE OF TRIAL COUNSEL

Please take notice that Louis N. Caggiano, Jr., Esq. is hereby designated as Trial Counsel in the above-captioned matter for the firm of Law Offices of Louis N. Caggiano, Jr., pursuant to Rule 4:25 et. seq.

## CERTIFICATION PURSUANT TO R. 1:38-7(c)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

## CERTIFICATION

Pursuant to the requirements of Rule 4:5-1 (NOTICE OF OTHER ACTIONS), I, the undersigned, do hereby certify to the best of my knowledge, information and belief, that except as hereinafter indicated, the subject matter of the controversy referred to in the within pleading is not the subject of any other Cause of Action, pending in any other Court, or of a pending Arbitration Proceeding, nor is any other Cause of Action or Arbitration Proceeding contemplated;

1.  OTHER ACTIONS PENDING.........................YES___ NO_X_

    A.    If YES - Parties to other Pending Actions.

    B.    In my opinion, the following parties should be joined in the within pending Cause of Action.

2.  OTHER ACTIONS CONTEMPLATED?.................YES___ NO_X_

    A.    If YES - Parties contemplated to be joined, in other Causes of Action.

3.  ARBITRATION PROCEEDINGS PENDING?............YES___ NO_X_

    A.    If YES - Parties to Arbitration Proceedings.

B.    In my opinion, the following parties should be joined in the pending Arbitration Proceedings.

4.    OTHER ARBITRATION PROCEEDINGS CONTEMPLATED?.....YES_ NO_X

A.    If YES - Parties contemplated to be joined to Arbitration Proceedings.

In the event that during the pendency of the within Cause of Action, I shall become aware of any change as to any facts stated herein, I shall file an amended certification and serve a copy thereof on all other parties (or their attorneys) who have appeared in said Cause of Action.

DEMAND FOR ANSWERS TO UNIFORM AND SUPPLEMENTAL INTERROGATORIES

PLEASE TAKE NOTICE that pursuant to Rule 4:17-1(b)(ii)(2), Plaintiff hereby demands answers to Uniform Interrogatories Form C and Form C(2) within sixty (60) days of the filing of Defendant's Answer to this Complaint.

Respectfully submitted,

LOUIS N. CAGGIANO, JR., ESQUIRE
72 E. Second Street
Moorestown, New Jersey 08057
Phone (856) 222-9121
Fax (856) 222-9164
caggianolaw@gmail.com
*Attorneys for Plaintiffs*

Louis N. Caggiano, Jr.

By _____

LOUIS N. CAGGIANO, JR., ESQUIRE

Dated:  October 27, 2022

# Civil Case Information Statement

## Case Details: BURLINGTON | Civil Part Docket# L-002032-22

**Case Caption:** SANTORE LEON  VS AMAZON.COM, INC.

**Case Initiation Date:** 10/27/2022

**Attorney Name:** LOUIS N CAGGIANO JR

**Firm Name:** LOUIS N. CAGGIANO, JR.

**Address:** 72 E SECOND ST

MOORESTOWN NJ 080570000

**Phone:** 8562229121

**Name of Party:** PLAINTIFF : Santore, Leon

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** PRODUCT LIABILITY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Leon Santore?** NO

**Are sexual abuse claims alleged by: Cynthia Santore? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/27/2022
Dated

/s/ LOUIS N CAGGIANO JR
Signed

BURLINGTON COUNTY
SUPERIOR COURT
49 RANCOCAS ROAD
MT HOLLY          NJ 08060
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 288-9500
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   OCTOBER 27, 2022
                        RE:     SANTORE LEON  VS AMAZON.COM, INC.
                        DOCKET: BUR L -002032 22

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES J. FERRELLI

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      003
AT:  (609) 288-9500.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                             ATT: LOUIS N. CAGGIANO
                             LOUIS N. CAGGIANO, JR.
                             72 E SECOND ST
                             MOORESTOWN          NJ 08057

ECOURTS