Beth S. Rose, Esq.
Vincent Lodato, Esq.
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102-5400
Phone: (973) 643-7000
Fax: (973) 643-6500
E-Mail: brose@sillscummis.com
E-Mail: vlodato@sillscummis.com
*Attorneys for Defendant Amazon.com, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **LEON SANTORE and CYNTHIA SANTORE, h/w,** | ) ) Civil Action No: 1:23-cv-211 |
| **Plaintiffs,** | ) ) ) |
| v. | ) ) |
| **AMAZON.COM, INC., POWEREXTRA d/b/a SHENZHEN CENTER POWER TECH, LLC (a subsidiary of SHENZHEN INDUSTRIES), SHENZHEN-AMERICAS TRADING COMPANY, LLC, JANE DOE 1-5, Fictitious Persons, XYZ CORPORATIONS 1-5, Fictitious Corporations (fictitious names pursuant to R. 4:26-4), jointly, severally and in the alternative,** | ) ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) |

**DEFENDANT AMAZON.COM, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS TO PLAINTIFFS' COMPLAINT**

Defendant Amazon.com, Inc. ("Amazon") hereby responds to Plaintiffs' Complaint as follows:

**PARTIES**

1. Amazon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and, accordingly, denies the same.

2. Amazon admits only that it is a Delaware corporation with its principal place of business located at 410 Terry Avenue N, Seattle, WA 98109, and that its online store is available to New Jersey residents. Amazon denies all remaining allegations contained in Paragraph 2.

3. Amazon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and, accordingly, denies the same.

4. Amazon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and, accordingly, denies the same.

**FACTS**

5. Amazon admits only that it operates an online store at Amazon.com where millions of third-party sellers sell products. Amazon admits only that it sells some products on Amazon.com, and that its online store is available to New Jersey residents. Amazon denies that it sold the product at issue. Amazon denies all remaining allegations contained in Paragraph 5.

6. Amazon admits only that it sells some products on Amazon.com. Amazon denies that it sold the product at issue. Amazon denies all remaining allegations contained in Paragraph 6.

7. Amazon admits only that it operates an online store at Amazon.com where millions of third-party sellers sell products. Amazon denies that it sold the product at issue. . Amazon denies all remaining allegations contained in Paragraph 7.

8. Amazon admits only that it operates an online store at Amazon.com where millions of third-party sellers sell products, and that Amazon charges service fees for the services that Amazon provides. Amazon denies the remaining allegations contained in Paragraph 8.

9. Amazon admits only that it operates an online store at Amazon.com where millions of third-party sellers sell products and that Amazon charges service fees in exchange for the services that it provides. Amazon denies the remaining allegations contained in Paragraph 9.

10. Amazon admits only that it operates an online store at Amazon.com where millions of third-party sellers sell products and that it offers advertising services to third-party sellers for a service fee. Amazon denies the remaining allegations contained in Paragraph 10.

11. Amazon admits only that third-party sellers must assent to the terms of the Amazon Business Solutions Agreement before they are permitted to sell products on Amazon's online store. Amazon denies the remaining allegations contained in Paragraph 11.

12. Amazon admits only that third-party sellers are responsible for shipping their own products, unless they participate in Fulfillment by Amazon ("FBA") service. Amazon further admits that FBA is a logistics service available to third-party sellers, that those services include storage of the seller's inventory at an Amazon fulfillment center, that Amazon will pick a product from the seller's inventory when the seller makes a sale and deliver the product to a shipping carrier for shipment, and that Amazon charges service fees for these logistics services. Amazon denies the remaining allegations contained in Paragraph 12.

13. Amazon admits only that third-party sellers are responsible for shipping their own products, unless they participate in Fulfillment by Amazon. Amazon denies the remaining allegations contained in Paragraph 13.

14. Amazon admits only that FBA is a logistics service available to third-party sellers, that those services include storage of the seller's inventory at an Amazon fulfillment center, that Amazon will pick a product from the seller's inventory when the seller makes a sale

and deliver the product to a shipping carrier for shipment, and that Amazon charges service fees for these logistics services. Amazon denies the remaining allegations contained in Paragraph 14.

15. Amazon admits only that it has fulfillment centers located in Avenel, NJ and Robbinsville, NJ and in other locations. Amazon denies the remaining allegations contained in Paragraph 15.

16. Amazon admits that it provides payment processing for purchases on Amazon's online store. Amazon charges the payment instrument designated in the buyer's account and remits the purchase price to the third-party seller minus the service fees the seller agreed to in the Amazon Services Business Solution Agreement. Amazon denies the remaining allegations contained in Paragraph 16.

17. To the extent that the allegations contained in Paragraph 17 quote or summarize from a document, the document speaks for itself. Amazon admits only that it processes payment for purchases made on Amazon's online store. Amazon denies the remaining allegations contained in Paragraph 17.

18. Amazon admits only that it provides a customer service function on its online store. Amazon denies the remaining allegations contained in Paragraph 18.

19. Amazon.com admits only that it has an A-Z Guarantee program. Amazon denies the remaining allegations contained in Paragraph 19.

20. Amazon.com admits only that it has an A-Z Guarantee program. Amazon denies the remaining allegations contained in Paragraph 20.

21. Amazon admits only that it operates an online store on which products are marketed, and that its online store is available to New Jersey residents. Amazon denies all remaining allegations contained in Paragraph 21.

22. Paragraph 22 asserts a legal conclusion to which no response is required. To the extent that a response is required, Amazon admits only that it operates an online store at Amazon.com where millions of third-party sellers sell products, that it has fulfillment centers located in New Jersey, and that its online store is available to New Jersey residents. Amazon denies all remaining allegations contained in Paragraph 22.

23. To the extent the allegations in Paragraph 23 are directed at defendants other than Amazon, no response is required. To the extent the allegations in Paragraph 23 are directed at Amazon, they assert a legal conclusion to which no response is required. To the extent that a response is required, they are denied.

24. Amazon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, accordingly, denies the same.

25. Amazon admits only that the battery was shipped from a fulfillment center to Leon Santore after it was sold by Powerextra. Amazon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 and, accordingly, denies the same.

26. Amazon admits only that it provided payment processing services and charged the payment instrument designated in the Leon Santore's account after it was sold by Powextra. Amazon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 and, accordingly, denies the same.

27. Amazon admits only that after the battery was sold by Powerextra, it was shipped from a fulfillment center on November 8, 2020, and delivered on November 9, 2020. Amazon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 and, accordingly, denies the same.

28. Amazon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, accordingly, denies the same.

## FIRST COUNT

### Strict Products Liability

29. Amazon incorporates its responses to the prior paragraphs of the Complaint as if fully set forth herein.

30. Amazon denies the allegations contained in Paragraph 30.

31. Paragraph 31 asserts a legal conclusion to which no response is required. To the extent that a response is required, Amazon denies the allegations contained in Paragraph 31.

32. Amazon denies the allegations contained in Paragraph 33.

33. Amazon denies the allegations contained in Paragraph 33.

34. Amazon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, accordingly, denies the same.

35. Amazon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, accordingly, denies the same.

36. Amazon denies the allegations contained in Paragraph 36.

37. Amazon denies the allegations contained in Paragraph 37.

38. Amazon denies the allegations contained in Paragraph 38.

39. To the extent the allegations in Paragraph 39 are directed at defendants other than Amazon, no response is required. To the extent the allegations in Paragraph 39 are directed at Amazon, they assert a legal conclusion to which no response is required. To the extent that a response is required, they are denied.

40. To the extent the allegations in Paragraph 40 are directed at defendants other than Amazon, no response is required.  To the extent the allegations in Paragraph 40 are directed at Amazon, they are denied.

The "WHEREFORE" Paragraph contained in the First Count of the Complaint is not an allegation and therefore does not require a response from Amazon. To the extent any part of the "WHEREFORE" Paragraph can be construed as an allegation against Amazon, Amazon denies the allegation.

## SECOND COUNT

### Negligence

41. Amazon incorporates its responses to the prior paragraphs of the Complaint as if fully set forth herein.

42. To the extent the allegations in Paragraph 42 are directed at defendants other than Amazon, no response is required.  To the extent the allegations in Paragraph 42 are directed at Amazon, they assert a legal conclusion to which no response is required.  To the extent that a response is required, they are denied.

43. To the extent the allegations in Paragraph 43 are directed at defendants other than Amazon, no response is required.  To the extent the allegations in Paragraph 43 are directed at Amazon, they are denied.

44. To the extent the allegations in Paragraph 44 are directed at defendants other than Amazon, no response is required.  To the extent the allegations in Paragraph 44 are directed at Amazon, they are denied.

45. To the extent the allegations in Paragraph 45 are directed at defendants other than Amazon, no response is required. To the extent the allegations in Paragraph 45 are directed at Amazon, they are denied.

The "WHEREFORE" Paragraph contained in the Second Count of the Complaint is not an allegation and therefore does not require a response from Amazon. To the extent any part of the "WHEREFORE" Paragraph can be construed as an allegation against Amazon, Amazon denies the allegation.

### THIRD COUNT

46. Amazon incorporates its responses to the prior paragraphs of the Complaint as if fully set forth herein.

47. To the extent the allegations in Paragraph 47 are directed at defendants other than Amazon, no response is required. To the extent the allegations in Paragraph 47 are directed at Amazon, they are denied.

The "WHEREFORE" Paragraph contained in the Third Count of the Complaint is not an allegation and therefore does not require a response from Amazon. To the extent any part of the "WHEREFORE" Paragraph can be construed as an allegation against Amazon, Amazon denies the allegation.

### FOURTH COUNT

48. Amazon incorporates its responses to the prior paragraphs of the Complaint as if fully set forth herein.

49. To the extent the allegations in Paragraph 49 are directed at defendants other than Amazon, no response is required. To the extent the allegations in Paragraph 49 are directed at Amazon, they are denied.

The "WHEREFORE" Paragraph contained in the Fourth Count of the Complaint is not an allegation and therefore does not require a response from Amazon. To the extent any part of the "WHEREFORE" Paragraph can be construed as an allegation against Amazon, Amazon denies the allegation.

## SEPARATE DEFENSES

Without admitting any of the allegations contained in the Complaint, except as set forth above, and without admitting or acknowledging that Amazon bears any burden of proof as to any of the allegations contained in the Complaint, Amazon asserts the affirmative and additional defenses listed below. Amazon intends to rely upon other defenses that become available or apparent during pretrial proceedings and/or discovery in this action, and Amazon hereby reserves the right to amend this Answer to assert any such further defenses.

## FIRST SEPARATE DEFENSE

The Complaint fails to set forth a claim upon which relief may be granted.

## SECOND SEPARATE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, unclean hands and/or equitable estoppel.

## THIRD SEPARATE DEFENSE

Plaintiffs' claims are barred by res judicata, collateral estoppel and/or the Entire Controversy Doctrine.

## FOURTH SEPARATE DEFENSE

Plaintiffs' claims may be barred by the applicable statute of limitations or statute of repose.

### FIFTH SEPARATE DEFENSE

Plaintiffs' alleged injuries and damages, if any, were caused by acts or omissions of third-persons or entities over which Amazon had no control.

### SIXTH SEPARATE DEFENSE

Plaintiffs' claims are barred as a result of their failure to mitigate damages.

### SEVENTH SEPARATE DEFENSE

The injuries and damages alleged by Plaintiffs herein were due to the contributory and/or comparative negligence of Plaintiffs, thereby barring Plaintiffs from recovery by operation of the Comparative Negligence Act, *N.J.S.A.* 2A:15-5-1, *et seq*.

### EIGHTH SEPARATE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by assumption of the risks and dangers, if any, associated with the alleged product, circumstance, conduct, or injuries.

### NINTH SEPARATE DEFENSE

Plaintiffs' claims against Amazon fail because Amazon did not formulate, create, construct, market, sell, lease, retail, test, design, inspect, install, modify, prepare, repair, label, package, promote, own, assemble, produce, manufacture, design, or distribute the product at issue.

### TENTH SEPARATE DEFENSE

The alleged injuries and damages, if any, were caused or contributed to, directly and proximately, in whole or in part, by misuse, unauthorized use, unintended use, unforeseeable use and/or improper use of the product at issue.

**ELEVENTH SEPARATE DEFENSE**

Plaintiffs are barred from recovery because the product at issue was altered or modified from its original condition.

**TWELFTH SEPARATE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the dangers, or potentiality of dangers, concerning the product at issue, were open and obvious and/or generally known and recognized.

**THIRTEENTH SEPARATE DEFENSE**

The alleged injuries and damages were caused or contributed to, directly and proximately, by Plaintiffs' disregard of the warnings, instructions, user manual, and/or directions for the product at issue.

**FOURTEENTH SEPARATE DEFENSE**

Plaintiffs' claims fail because the product at issue was reasonably safe for its normal and foreseeable use at all relevant times, complied with all applicable industry standards, and reflected the current state of the art at the time it was manufactured, sold, and distributed.

**FIFTEENTH SEPARATE DEFENSE**

If Plaintiffs sustained the damages alleged in the Complaint, which Amazon denies, there was an intervening, superseding cause or causes leading to these alleged damages; and therefore, any action on the part of Amazon was not the proximate cause of the alleged damages.

**SIXTEENTH SEPARATE DEFENSE**

Amazon incorporates those defenses enumerated in the New Jersey Product Liability Act, *N.J.S.A.* 2A:58C-1, *et seq*.

### SEVENTEENTH SEPARATE DEFENSE

Plaintiffs' claims are subsumed and/or barred by the New Jersey Product Liability Act, in whole or in part.

### EIGHTEENTH SEPARATE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the Communications Decency Act, 47 USC § 230, to the extent they are based on third-party content published on Amazon's website.

### NINETEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the laws of other jurisdictions that may apply in this case.

### TWENTIETH SEPARATE DEFENSE

Amazon reserves the right to assert any additional defenses and claims of avoidance as may be appropriate based upon facts or issues disclosed during the course of additional investigation and discovery.

### REQUEST FOR ALLOCATION

If any party settles prior to trial, Amazon will seek an allocation of the percentage of negligence by the fact finder against the settling party. Amazon will seek this allocation, whether or not it has formally filed a cross-claim against the settling party. Amazon will rely upon the materials produced in discovery and the evidence introduced at trial in support of the allegations. You are being apprised of Amazon's intent in this regard pursuant to *Young v. Latta*, 123 N.J. 584 (1991).

### CROSS-CLAIM FOR CONTRIBUTION

Amazon, by way of a cross-claim for contribution against Defendants Powerextra d/b/a Shenzhen Center Power Tech, LLC and Shenzhen-Americas Trading Company, LLC, says:

1.  While denying any negligence or other liability to Plaintiffs, or any other parties to this action, Amazon asserts a claim for contribution against Defendants Powerextra d/b/a Shenzhen Center Power Tech, LLC and Shenzhen-Americas Trading Company, LLC under the terms and conditions of the Joint Tortfeasor Contribution Law, *N.J.S.A.* 2A:53A-1, *et seq.*

WHEREFORE, Amazon demands contribution from Defendants Powerextra d/b/a Shenzhen Center Power Tech, LLC and Shenzhen-Americas Trading Company, LLC, and that the Court award Amazon its costs of suit, attorneys' fees and such other relief as may be just and proper.

## CROSS-CLAIM FOR INDEMNIFICATION

Amazon, by way of a cross-claim for indemnification against Defendants Powerextra d/b/a Shenzhen Center Power Tech, LLC and Shenzhen-Americas Trading Company, LLC, says:

1.  While denying any negligence or liability to Plaintiffs or to any other party in this action, Amazon claims that if it is found to be liable to Plaintiffs, its liability results solely from secondary, imputed, vicarious or passive negligence or other liability, and that its liability is secondary and vicarious to that of Defendants Powerextra d/b/a Shenzhen Center Power Tech, LLC and Shenzhen-Americas Trading Company, LLC, whose liability is primary, and that accordingly, any damages which may ultimately be determined to be the responsibility of Amazon is properly chargeable to Defendants Powerextra d/b/a Shenzhen Center Power Tech, LLC and Shenzhen-Americas Trading Company, LLC.

WHEREFORE, Amazon demands that Defendants Powerextra d/b/a Shenzhen Center Power Tech, LLC and Shenzhen-Americas Trading Company, LLC defend and indemnify it in this matter, and that the Court award Amazon its costs of suit, attorneys' fees and such other relief as may be just and proper.

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to L. Civ. R. 11.2, to the best of Amazon's knowledge, information and belief, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

SILLS CUMMIS & GROSS P.C.
*Attorneys for Defendant Amazon.com, Inc.*


By: *s/ Vincent Lodato*
     VINCENT LODATO

Dated: February 3, 2023