UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEON SANTORE and CYNTHIA SANTORE, h/w, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| AMAZON.COM, INC., POWEREXTRA d/b/a SHENZHEN CENTER POWER TECH, LLC, (a subsidiary of SHENZHEN INDUSTRIES), SHENZHEN-AMERICAS TRADING COMPANY, LLC, et al., | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Civil Action No: 1:23-cv-211

**PROPOSED JOINT DISCOVERY PLAN**

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

   **Louis N. Caggiano, Jr., Esq.**
   **Law Offices of Louis N. Caggiano, Jr.**
   **72 E. Second Street**
   **Moorestown, NJ 08057**
   **Phone: (856) 222-9164**
   **E-mail: caggianolaw@gmail.com**
   *Counsel for Plaintiff*

   **Beth S. Rose, Esq.**
   **Vincent Lodato, Esq.**
   **Sills Cummis & Gross P.C.**
   **One Riverfront Plaza**
   **Newark, NJ 07102**
   **Phone: (973) 643-7000**
   **E-mail: brose@sillscummis.com**
   **E-mail: vlodato@sillscummis.com**
   *Counsel for Defendant Amazon.com., Inc.*

2. Set forth a brief description of the case, including the causes of action and affirmative defenses asserted.

   **Plaintiff Louis Santore alleges that he purchased a Powerextra 5.0Ah Replacement for Dewalt 18V XRP Battery DC906 (2 pack) ("replacement battery") from Defendant Powerextra through Amazon's online store. Plaintiff further alleges that the replacement battery exploded on November 18, 2020, causing Plaintiff to suffer inhalation injuries, medical expenses and property damage. Plaintiffs' Complaint alleges that the replacement battery was defective and asserts claims for product liability, negligence and loss of consortium. Amazon has filed an Answer denying all material allegations of Plaintiffs' Complaint and asserting various defenses available under the New Jersey Product Liability Act ("PLA"). Amazon asserts that it cannot be held liable as a product seller under the PLA because Amazon was not involved in the design, testing, inspection, manufacture, research, development or sale of the replacement battery. Amazon merely provided the online store through which Plaintiff**

**purchased the replacement battery from Powerextra, and some logistic services that helped facilitate the sale.**

3. Have settlement discussions taken place?  Yes_____   No __**X**___

   a) What was plaintiff's last demand?

      (1) Monetary demand? ___**N/A**___
      (2) Non-monetary demand?___**N/A**___

   b) What was defendant's last offer?  ___**N/A**___

      (1) Monetary offer? ___**N/A**___
      (2) Non-monetary offer?___**N/A**___

4. The parties [have ___**X**___ have not_____] met pursuant to Fed. R. Civ. P. 26(f).

5. The parties [have _____ have not ___**X**___] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

   **The parties have agreed to a deadline by which to serve Rule 26 initial disclosures.**

6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1):

   **Not applicable.**

7. The parties [have _____ have not ___**X**___] filed disclosures of third-party litigation funding. See Local Civil Rule 7.1.1.

8. The parties [have _____ have not ___**X**___] conducted discovery other than the above disclosures. If so, describe.

   **Not applicable.**

9. Proposed Joint Discovery Plan:

   a) Discovery is needed on the following subjects:

   **Plaintiffs and Amazon anticipate that discovery will be needed on the following subjects: Plaintiff's purchase and use of the replacement battery; the circumstances surrounding the alleged incident; the damages Plaintiffs allegedly suffered as a result of the incident; expert discovery on the alleged product defect and cause of the alleged incident; expert discovery on the nature and extent of Plaintiffs' alleged injuries.**

b) Discovery [should \_\_\_\_**X**\_\_\_\_] should not_____] be conducted in phases or be limited to particular issues.  Explain.

**The parties prefer to conduct discovery in two phases which would include a period for fact discovery followed by a period for expert discovery.**

c) Proposed schedule:

   (1) Fed. R. Civ. P. 26 Disclosures: _____**March 24, 2023**_____.

   (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) \_\_**Completed**\_\_.

   (3) Service of initial written discovery \_\_\_\_\_**April 5, 2023**\_\_\_\_\_.

   (4) Maximum of **25** Interrogatories by each party to each other party.

   (5) Maximum of **5** Depositions to be taken by each party.

   (6) Motions to amend or to add parties to be filed by: \_\_\_\_**May 26, 2023**\_\_\_\_.

   (7) Factual discovery to be completed by: \_\_\_\_**November 22, 2023**\_\_\_\_.

   (8) Plaintiff's expert reports due on: \_\_\_\_**January 5, 2024**\_\_\_\_.

   (9) Defendant's expert reports due on: \_\_\_**March 8, 2024**_____.

   (10) Expert depositions to be completed by: \_\_\_\_**April 5, 2024**\_\_\_\_.

   (11) Dispositive motions to be filed by \_\_**May 10, 2024**\_\_.

d) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders: \_\_**Amazon will require entry of a Discovery Confidentiality Order**\_\_\_\_.

e) A pretrial conference may take place on \_\_\_**To be determined**\_\_\_.

f) Trial date: \_\_\_**To be determined**\_\_\_ (\_**X**\_ Jury Trial; \_\_\_\_ Non-Jury Trial).

10. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes\_\_\_**X**\_\_\_\_ No _____
    If so, explain.

    **The parties may need to conduct some depositions via remote means.**

3

11. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

    Yes _____ No __X__.

    If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

    **The parties have agreed to initially produce electronically stored information in .pdf or paper format, and preserve all electronic data in its native format. The parties reserve their right to request production of electronically stored information in its native format if deemed appropriate.**

12. Do you anticipate entry of a Discovery Confidentiality Order? <u>See</u> L. Civ. R. 5.3(b) and Appendix S.

    Yes __X__ No _____.

13. Do you anticipate any discovery problem(s) not listed above? Describe.

    Yes _____ No __X__.

14. State whether this case is appropriate for voluntary arbitration (pursuant to <u>L. Civ. R.</u> 201.1 or otherwise) or mediation (pursuant to <u>L Civ. R.</u> 301.1 or otherwise). If not, explain why and state whether any such procedures may be appropriate at a later time (<u>i.e.</u>, after exchange of pre-trial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

    **The parties do not believe this case is appropriate for arbitration or mediation at this time.**

15. Is this case appropriate for bifurcation? Yes _____ No __X__.

16. An interim status/settlement conference (with clients in attendance), should be held in **To be determined**.

17. We [do _____ do not __X__] consent to the trial being conducted by a Magistrate Judge.

18. Identify any other issues to address at the Rule 16 Scheduling Conference.

    **None.**

| | |
|---|---|
| LAW OFFICE OF LOUIS N. CAGGIANO, JR. <br> *Attorneys for Plaintiffs* | SILLS CUMMIS & GROSS P.C. <br> *Attorneys for Defendant Amazon.com, Inc.* |
| By: *s/ Louis N. Caggiano, Jr.* <br>    Louis N. Caggiano, Jr. | By: *s/ Vincent Lodato* <br>    Vincent Lodato |

Dated: February 27, 2023

5