THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LEON SANTORE, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., et al.,<br><br>        Defendants. | Civil No. 23-211 (RMB/EAP) |

## AMENDED SCHEDULING ORDER IN ARBITRATION CASE

    This Amended Scheduling Order confirms the directives given to counsel at the status conference held pursuant to Federal Rule of Civil Procedure 16 on **August 7, 2025**; and the Court noting the following appearances: **Louis N. Caggiano, Jr., Esquire**, appearing on behalf of Plaintiff; and **Anthony Nwaneri, Esquire**, appearing on behalf of Defendant; and the Court having reviewed Defendant's August 11, 2025 letter regarding the scheduling of Plaintiff's IME, ECF No. 55; and for good cause shown;

    **IT IS** this **12th** day of **August 2025**, hereby **ORDERED**:

    1.    **Expert Discovery.**  All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of Defendants shall be served upon counsel for Plaintiffs no later than **September 22, 2025**. Each such report should be accompanied by the *curriculum vitae* of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed.

    The parties shall *reserve* their rights to conduct expert depositions until after dispositive motions or by leave of Court to be sought via conference call application.

    For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

    The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to FED. R. EVID. 701 and *Teen-Ed v. Kimball International, Inc.*, 620 F.2d 399 (3d Cir. 1980).

2. **Dispositive Motions.** As previously scheduled, dispositive motions shall be filed with the Clerk of the Court no later than **October 24, 2025**. Opposition to the motion should be served in a timely fashion. Counsel are to follow Local Civil Rules 7.1, 7.2, 56.1 and 78.1, *Motion Practice (generally)*. This Order is subject to the Individual Rules and Procedures (if any) of the presiding District Judge.

3. **Arbitration.** This case will be scheduled for arbitration pursuant to Local Civil Rule 201.1. The Clerk will advise counsel of the time and place of arbitration. By copy of this Order, the Clerk shall adjourn the arbitration from a date in **September 2025** to a date in **October 2025**.

4. As previously ordered, the Court will conduct a settlement conference on **September 11, 2025, at 11:00 a.m.** All counsel shall report to the **Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Room 2040, Camden, New Jersey 08101**. Counsel are advised that the Court requires the client(s) and an agent or person with full settlement authority to attend the conference. Each party shall submit a confidential settlement memorandum to the Court by email at least three (3) business days before the scheduled conference. The memorandum shall not exceed five (5) pages, including exhibits. Counsel shall email their respective settlement memoranda to **njdnef_pascal@njd.uscourts.gov**.

5. Any application for an extension of time beyond the deadlines set herein shall be made prior to expiration of the period sought to be extended and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel consent to the application. The scheduling deadlines set herein will not be extended unless good cause is shown. All applications regarding motions returnable before a District Judge shall be presented to the District Judge.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

s/Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc: Hon. Renée M. Bumb, U.S.D.J.
    Karen Ferguson, Arbitration Clerk